UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA

v.

FELIPE ESTRADA ECHEVERRY,
a/k/a "Pepe,"

                  Defendant.

------------------------------------------------------------

**SUPERSEDING INFORMATION**

S6 24 Cr. 133 (MKV)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2025
```

### COUNT ONE
**(Operation of an Unlicensed Money Transmitting Business)**

The United States Attorney charges:

1. From at least in or about May 2023 through at least in or about November 2023, in the Southern District of New York and elsewhere, FELIPE ESTRADA ECHEVERRY, a/k/a "Pepe," the defendant, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce and otherwise involved the transportation and transmission of funds that were known to the defendant to have been derived from a criminal offense and were intended to be used to promote and support unlawful activity, to wit, ESTRADA controlled and operated multiple companies and bank accounts which he used to transmit funds, which he knew to be criminal proceeds or being used to promote criminal activity, on behalf of his clients in exchange for a fee.

(Title 18, United States Code, Sections 1960(b)(1)(C) and 2.)

### FORFEITURE ALLEGATION

2. As a result of committing the offense alleged in Count One of this Information, FELIPE ESTRADA ECHEVERRY, a/k/a "Pepe," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal,

involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*[Signature: Jay Clayton]*
JAY CLAYTON
United States Attorney